

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Geo. W. Cox
State Health Officer
Austin, Texas

Dear Sir:

> Opinion No. O-1404
> Re: Is it permissible to claim re-
> imbursement from the State for
> transportation expense incurred
> while going to and from assign-
> ment on weekends and holidays,
> when it can be clearly shown
> that the expense thus incurred
> would be less than that of hotel
> and meals if the employee remain-
> ed on his itinerary?
>
> And related question.

Your request for an opinion on the following question has been received:

"1. Is it permissible to claim reimburse-
ment from the State for transportation expense
incurred while going to and from assignment on
weekends and holidays, when it can be clearly
shown that the expense thus incurred would be
less than that of hotel and meals if the em-
ployee remained on his itinerary?

* * * *

"2. Can transportation be claimed for daily
round-trips between Arlington and Fort Worth
or Dallas when it is clear that such expendi-
ture will be less than hotel and meals?"

Article 6823 of Vernon's Annotated Civil Stat-
utes provides:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Geo. W. Cox, page 2

"The traveling and other necessary expenses incurred by the various officers, assistants, deputies, clerks and other employees in the various departments, institutions, boards, commissions or other subdivisions of the State Government, in the active discharge of their duties shall be such as are specifically fixed and appropriated by the Legislature in the general appropriation bills providing for the expenses of the State Government from year to year. When appropriations for traveling expenses are made any allowances or payments to officials or employees for the use of privately owned automobiles shall be on a basis of actual mileage traveled for each trip or all trips covered by the expense accounts submitted for payment or allowance from such appropriations, and such payment or allowance shall be made at a rate not to exceed five (5¢) cents for each mile actually traveled, and no additional expense incident to the operation of such automobile shall be allowed."

We must look to the General Rider of the General Departmental Appropriation Bill i.e., Senate Bill No. 427 for the provision of the law relative to traveling expenses.

It is provided under "Traveling Expenses" that:

"(a) No traveling expenses shall be claimed, allowed, or paid unless incurred while traveling on official business of the State."

"(b) The State Comptroller shall not pay, and no state officer or employee of any of the departments or other agencies of the Government shall include in his traveling expense account any amounts for meals and/or lodging incurred within the city or town where such officer or such employee is stationed. Such employees as are stationed away from their main office or headquarters, who are not allowed traveling expenses where so stationed, shall be allowed such

Hon. Geo. W. Cox, page 3

expenses when called to their main office."

"(f) (1) * * * there must be a concise statement of the duties performed, and the points from which the employee travels from the designated post of duty and all other towns visited and the object of such visit and the object of such visit and of the specific expenses incurred."

According to the explicit language of the statute, expenses are allowed only for traveling on official state business. A state employee is entitled to traveling expenses from the city or town where he is stationed to the designated post of duty "and the points from which the employee travels from the designated post of duty and all other towns visited" while traveling on official state business. But no state employee may claim, be allowed, or paid traveling expenses incurred while traveling from and to the designated post of duty on weekends, holidays or daily where the object of the trip involving the expenses was not official state business. Where a state employee has traveled to a designated post of duty on official state business, he cannot be allowed traveling expenses for weekends, holidays or daily trips from and to said point which have no connection with official state business.

It is immaterial that the traveling expenses in individual instances will be less than the per diem expense of remaining at the designated post of duty. The language of the statute is clear and unambiguous. The standard to be applied strictly is whether or not the traveling was on official state business. If it is not, the employee cannot be entitled to expenses irrespective of where the designated post of duty is or the fact that the traveling expenses would be less than the employee's Four ($4.) Dollar perdiem if he remained at his post of duty.

The rider to Senate Bill 427 allows no exceptions to the general rule that no traveling expenses shall be allowed unless incurred while traveling on official business of the State.

We find an opinion of this Department under the preceding administration on the same question dated January 9, 1935, by Hon. Leon O. Moses, Assistant Attorney General which supports our holding. The situation upon which the department ruled at that time was as follows:

"It very often happens that a State employee on traveling expense account is stationed near his home. He desires to spend the weekend at home instead of remaining in the town where he is stationed. Would this department be authorized to issue warrant in payment of his mileage in going to his home and returning back to his post of duty in lieu of the expenses he would have incurred had he remained in the town where he was working; providing the expenses incurred for such mileage does not exceed the amount allowed for meals and lodging had he remained at the place where he was employed."

The decision in that opinion was that the Comptroller "would not be permitted to issue warrants" to a state employee "in payment of mileage" of the employee "in going from the officially designated post of duty to his home".

On the basis of the above reasoning it is our opinion that both of your questions must be answered in the negative.

Inconvenience and actual hardship might be worked in certain instances by a strict construction of the general rider to Senate Bill 827, but in the last analysis the wisdom of legislation is a matter for the lawmaking body to decide.

Trusting that we have fully answered your inquiries, we are

Yours very truly

APPROVED SEP 27, 1939

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

ATTORNEY GENERAL OF TEXAS

By *Dick Stout*

Dick Stout
Assistant

DS:ob
Encl. (Opinion, dated 1-9-35
by Hon. Leon Moses)

APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN